# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

BERRY L. LIVINGSTON,            )
                                )
  Plaintiff,          )
                                )
  vs.                  )  Case No. 4:20-CV-1722-ACL
                                )
MISSOURI DEPARTMENT OF          )
CORRECTIONS DIVISION OF         )
PROBATION AND PAROLE, et al.,   )
                                )
  Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Berry L. Livingston for leave to commence this civil rights action pursuant to 42 U.S.C. § 1983 without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, who indicates he is currently on parole and under house arrest, brings this action pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC") Division of Probation and Parole; Kelly Casey (Institutional Parole Officer, MDOC); Leah Borton (Parole Officer, MDOC); Charlie Baker (Lead Parole Analyst, MDOC); and Jennifer Sachse (Warden, Missouri Eastern Correctional Center, MDOC). ECF No. 1. Plaintiff sues all defendants in their individual and official capacities.

2

Plaintiff states he was incarcerated at Fulton Reception and Diagnostic Center starting on April 13, 2017 after being found guilty by a jury of one count of possession of a controlled substance with intent to distribute in violation of Mo. Rev. Stat. § 195.211 and one count of possession of drug paraphernalia in violation of Mo. Rev. Stat. § 195.233. Plaintiff states he was sentenced to 15 years imprisonment for the possession of a controlled substance with intent to distribute charge and one year on the paraphernalia charge with his sentences to run concurrently. Plaintiff states he was issued three dates which he could possibly be released on parole: November 15, 2018, August 15, 2019, and May 15, 2020. At some point, plaintiff was transferred to the Missouri Eastern Correctional Center ("MECC").

On September 20, 2017, plaintiff states he received a document from MDOC Probation and Parole informing him he would be released on November 15, 2018. On September 29, 2017, plaintiff states he received a document from "records" informing him he would receive a 435-day jail time credit. Based on this credit, plaintiff alleges his release date should have been adjusted to September 6, 2017. Plaintiff alleges he visited with his institutional parole officer, defendant Casey, to inform her that he needed to be released. Defendant Casey told plaintiff she would have to discuss the matter with her supervisor, defendant Borton. Plaintiff states he also discussed the matter with defendant Borton, but she told him she would have to contact Central Offices in Jefferson City, Missouri.

Plaintiff alleges defendant Casey later informed him he was ineligible for parole and would not be released until December 8, 2024. Plaintiff told her she was incorrect because she had referenced the wrong sentencing statute. Defendant Casey allegedly told plaintiff there was nothing she could do and referred him to defendant Borton. Plaintiff states he spoke with defendant

3

Borton who allegedly agreed with plaintiff's assessment of his new parole date but stated she had to contact defendant Baker, Lead Parole Analyst. Plaintiff later received a letter from defendant Baker which informed plaintiff he would not be released until December 8, 2025. Plaintiff states defendant Baker also referenced the wrong sentencing statute in making his determination. Plaintiff alleges he contacted MECC Warden Sachse who "did nothing other than talk with Leah Borton who assured her [plaintiff] would not be getting out until December 8, 2025." Subsequently, Governor "Mike Parsons got involved and granted [plaintiff] a limited commutation of [his] sentence from May 4, 2020 until December 2, 2020 to house arrest."

Plaintiff alleges defendants Casey, Borton, Baker, and Sachse failed to follow "their policy and procedure" and conspired together to keep him "illegally and unconstitutionally" incarcerated. Plaintiff also alleges his due process rights were violated due to their actions. Attached to plaintiff's complaint are fifty-two (52) pages of attachments labeled as evidence and proof of exhaustion of remedies. ECF No. 1-2.

For relief, plaintiff seeks six (6) million dollars in punitive damages.

<strong>Discussion</strong>

Having carefully reviewed the complaint, the Court concludes that plaintiff's claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.     Missouri Department of Corrections Division of Probation and Parole**

Plaintiff's claims against the MDOC Division of Probation and Parole is barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Jackson v. Missouri Board of Probation and Parole*, 306 Fed. Appx. 333 (8th Cir. 2009). A suit against the MDOC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is not a "person" for

4

purposes of a § 1983 action and is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit). As a result, the complaint shall be dismissed as to the MDOC Division of Probation and Parole pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.    Official Capacity Claims

Plaintiff's official capacity claims against defendants Casey, Borton, Baker, and Sachse will be dismissed because they are not cognizable under § 1983. Plaintiff alleges these four defendants are employed by the MDOC, a state agency. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will*, 491 U.S. at 71. *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id. See also Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983"). *See also Yount v. Long*, No. 4:07-CV-1657-FRB, 2008 WL 5191467, at *2 (E.D. Mo. Dec. 11, 2008) (dismissing claims against parole officers and parole administrators in their official capacities for the reason they are not "persons" under § 1983).

Moreover, the Eleventh Amendment provides immunity to state officials who are sued in their official capacities. *See In re Sdds*, 97 F.3d 1030, 1035 (8th Cir. 1996). The Eighth Circuit has

held that § 1983 does not abrogate the states' Eleventh Amendment immunity. *See Williams v. State of Missouri*, 973 F.2d 599, 600 (8th Cir. 1992) (Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983); *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (§ 1983 provides no cause of action against agents of the State acting in their official capacities).

As a result, the complaint shall be dismissed as to defendants Casey, Borton, Baker, and Sachse in their official capacities pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.    Individual Capacity Claims

#### A. Due Process

Plaintiff alleges defendants Casey, Borton, Baker, and Sachse violated his due process rights by failing to release him on parole on a specific date. The Court cannot agree. Plaintiff lacks a due process right in the possibility of parole in Missouri and, as such, his due process claims against defendants Casey, Borton, Baker, and Sachse in their individual capacities fail.

The right to due process under the Fourteenth Amendment exists only when there is a protected life, liberty or property interest. A liberty interest may arise from the Constitution itself, or from state laws. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In the case at bar, plaintiff's claims fail to identify a liberty interest protected by due process. The Supreme Court has recognized that "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole." *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11, (1979). Instead, matters pertaining to the parole process are governed by state statute and are therefore matters of state law, without questions of constitutional magnitude.

"The United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005); *Johnson v. Missouri Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002); *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987). Therefore, a Missouri prisoner's allegations challenging the allegedly unjustified denial of parole does not state a claim under 42 U.S.C. § 1983. *Id.*

Due process protection is only invoked when state procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250-251 (1983). It is therefore self-evident that, because Missouri prisoners have no federally protected liberty interest in parole, they cannot mount a federal constitutional challenge to any state parole review procedure on procedural, or substantive, due process grounds. Further, even if a parole decision violated state law or the institutional policies and procedures of the MDOC, including plaintiff's claim that the parole officers did not apply the correct state sentencing statute, he has no liberty interest in defendants following such state law, policies or procedures. *See Williams v. Prudden*, No. 2:10-CV-81-AGF, 2011 WL 1533023, at *2 (E.D. Mo. Apr. 21, 2011) (citing *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Wilkins v. Long*, 2009 WL 1851288, *3 (W.D. Mo. June 29, 2009) (citing *Phillips*, 320 F.3d. at 846).

Furthermore, to any extent plaintiff is alleging that defendant Warden Sachse is liable solely because she held an administrative or supervisory position, such a claim is subject to dismissal. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 cases). A supervisor is liable for the actions of his subordinates under § 1983

only if she personally participates in the alleged unconstitutional conduct, or when there is a causal connection between her actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role; he cannot be held liable for the outcome of the process). Here, there was no unconstitutional conduct as plaintiff does not have a liberty interest in parole and plaintiff does not allege Warden Sache played a personal role, other than speaking to a parole officer about Plaintiff's release date.

The Court, therefore, concludes plaintiff has failed to state a claim against all individual defendants for a violation of his due process rights.

### B. Conspiracy

In addition to the due process claim, plaintiff alleges defendants Casey, Borton, Baker, and Sachse conspired together to keep him "illegally and unconstitutionally" incarcerated. Plaintiff does not allege any additional facts to support this claim other than his asserted belief that their failure to assist him in obtaining an earlier parole date gave rise a conspiracy.

Conclusory allegations are insufficient to support a conspiracy claim. To properly plead a claim for conspiracy, a litigant must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; there must be something more than the summary allegation of a conspiracy. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff's allegations of conspiracy are broad and conclusory, lacking an arguable basis in fact. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (complaint subject to dismissal under § 1915(d) if allegations of conspiracy are inadequate); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (allegations must at least include that "defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding" and provide some facts suggesting

a meeting of minds) (citations omitted). The fact that defendants did not provide plaintiff with the parole date he believed he deserved simply does not rise to the level of a conspiracy.

The Court, therefore, concludes plaintiff has failed to state a conspiracy claim against all individual defendants.

### C. Absolute Immunity

Additionally, the Court finds defendant parole officers Casey, Borton, and Baker immune from the instant lawsuit. The Eighth Circuit, and several other circuit courts of appeals, have held that parole officers are absolutely immune from liability for damages. *See, e.g.*, *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1986); *Walker v. Prisoner Review Bd.*, 769 F.2d 396, 399 (7th Cir. 1985), cert. denied, 474 U.S. 1065, (1986); *Gale v. Moore*, 763 F.2d 341, 344 (8th Cir. 1985); and *Thompson v. Burke*, 556 F.2d 231, 240 (3d Cir. 1977). The Eighth Circuit has further held that parole officers are entitled to absolute immunity for parole-related matters, which includes considering and deciding parole questions. *See Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006) (parole board members are absolutely immune from suit when considering and denying parole questions; extending absolute immunity to parole agent where his function was so associated with function of parole board that he was also cloaked in immunity); *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) (parole board members were entitled to absolute immunity in their individual capacities even if mistaken in judgment). "Parole board members do not act outside their jurisdiction even if they make an unconstitutional or unlawful decision." *Harger v. Missouri Bd. of Prob. & Parole*, No. 4:10-CV-115-SNLJ, 2010 WL 2008866, at *5 (E.D. Mo. May 19, 2010), *aff'd*, 407 F. App'x 79 (8th Cir. 2011).

9

According to the allegations in plaintiff's complaint, defendants Casey, Borton, and Baker were performing their official duties when they denied plaintiff parole and, as a result, they are entitled to absolute immunity.

**D. Duration of Confinement**

Plaintiff alleges he "lost a year of his life" based on the parole decision and appears to complain of his current limitations as a parolee on house arrest. To the extent plaintiff seeks monetary relief under § 1983 to challenge the duration of his confinement, such a claim is foreclosed until he has demonstrated such invalidity through an appropriate avenue. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (if judgment in favor of prisoner "would necessarily imply the invalidity of his conviction or sentence," complaint must be dismissed unless prisoner demonstrates conviction or sentence has already been invalidated); *Shafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (*Heck* precluded action that would have implied invalidity of denial of parole and thus was a challenge to duration of confinement).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this _____ day of December, 2020.

11